UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY WILLIAMS, JR. #394751,

    Plaintiff,                                         Hon. Jane M. Beckering

v.                                                    Case No. 1:22-cv-309

UNKNOWN WAY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Presently before me is Plaintiff's Motion for Order of Personal Protection Against Defendant Correctional Officer Evan Way. (ECF No. 14.) Pursuant to 28 U.S.C. § 636(1)(B), I recommend that Plaintiff's motion be **DENIED.**

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections, alleges that Defendants violated his Eighth Amendment rights and retaliated against him in violation of his First Amendment rights for filing Prison Rape Elimination Act (PREA) complaints at Ionia Correctional Facility (ICF) in Ionia, Michigan. Plaintiff remains incarcerated at ICF.

In his instant motion, Plaintiff alleges that, in spite of his prior PREA complaints against Defendant Way, ICF officials continue to allow Defendant Way to work around Plaintiff and in his housing unit. Plaintiff alleges that Defendant Way continues to sexually harass him by asking Plaintiff to reveal his penis and perform sexual acts for Defendant Way. (*Id.* at PageID.70–71.) Plaintiff asserts that Defendant Way's harassment and actions have caused him to fear for his life, safety, and wellbeing, and he requests that the Court enter an order enjoining Defendant Way from coming or working around Plaintiff. (*Id.* at PageID.71–72.)

Plaintiff's request for a "personal protection order" is, in essence, a motion for preliminary injunctive relief. In determining whether to grant injunctive relief, a court considers the following factors: (1) whether the movant is likely to prevail on the merits; (2) whether the movant would suffer irreparable injury if the court does not grant the injunction; (3) whether a preliminary injunction would cause substantial harm to others; and (4) whether a preliminary injunction would be in the public interest. *See Samuel v. Herrick Mem'l Hosp.*, 201 F.3d 830, 833 (6th Cir. 2000). These are factors to be balanced, not prerequisites to be met. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 400 (6th Cir. 1997)). Issuance of injunctive relief lies within the court's discretion. *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). The party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). Moreover, where an inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984).

Plaintiff's request is properly denied for several reasons. First, he has presented no evidence indicating that he is likely to prevail on the merits of his claims in this case. In fact, Plaintiff fails to address any of the above-cited factors. While the Court has reviewed Plaintiff's complaint and determined that he has stated claims under 42 U.S.C. § 1983, it is not at all clear from the complaint that Plaintiff has a strong or substantial likelihood of success on the merits. Second, even if Plaintiff had presented sufficient evidence establishing the first factor, he has an adequate remedy at law: a lawsuit for damages based on violation of his constitutional rights. Finally, the public interest is not served by this Court's interference with the MDOC's day-to-day

operations in the absence of a compelling reason warranting such relief. *See*, *e.g.*, *McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life. Where, as here, a state penal system is involved, federal courts have 'additional reason to accord deference to the appropriate prison authorities.'") (citation omitted). Any interference by a federal court in the administration of state prisons is necessarily disruptive. Thus, this factor weighs against the requested relief.

In sum, consideration of the foregoing factors weighs heavily against Plaintiff's requested relief.

For the foregoing reasons, I recommend that the Court **deny** Plaintiff's motion for a personal protection order against Defendant Way. (ECF No. 14.)

Dated: September 29, 2022                             /s/ Sally J. Berens
                                                     SALLY J. BERENS
                                                     U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).